UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SALATIEL R. GARCIA and
JOSE A. MIZHQUIRILEMA,

Plaintiffs,  ACTION UNDER 29 U.S.C.§ 216(b)

-v.-  **COMPLAINT**

PATSY'S PIZZERIA ROCKLAND LLC and
ALEND FEJZA, individually,

Defendants.

------------------------------------------------------------X

Plaintiffs SALATIEL R. GARCIA and JOSE A. MIZHQUIRILEMA, by and through their attorneys, STILLMAN LEGAL, P.C., bring this Action on behalf of themselves and other similarly situated employees of Defendants PATSY'S PIZZERIA ROCKLAND LLC and ALEND FEJZA, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 *et seq.*, the New York Labor Law ("NYLL") § 650 *et seq.*, as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

### NATURE OF THE ACTION

1. This Complaint seeks to recover, *inter alia*, unpaid minimum wage compensation, unpaid overtime wage compensation, spread-of-hours pay, statutory damages, and liquidated damages for Plaintiffs, former employees of Defendant PATSY'S PIZZERIA ROCKLAND LLC, a New York Limited Liability Company with offices at 9103 Fashion Dr, Nanuet, NY 10954-2756, Rockland County, and its principal, Defendant ALEND FEJZA. Plaintiff SALATIEL R. GARCIA was employed primarily as a chef/cook, and Plaintiff JOSE A. MIZHQUIRILEMA was employed primarily as a pizza chef. The Plaintiffs were hired directly by Defendant ALEND FEJZA, who set their work schedules, gave them daily orders and instructions, and exercised disciplinary authority over them. The Plaintiffs allege that the Defendants willfully failed to pay the required wages.

2. At all times relevant hereto, Defendants were required, under both the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), and New York Labor Law § 160, to compensate Plaintiffs with overtime pay at one and one-half times the regular rate for all hours worked in excess of forty (40) hours per workweek.

3. Despite such mandatory pay obligations, Defendants willfully failed to pay Plaintiffs their lawful overtime pay. Plaintiff GARCIA was employed from approximately April 2021 until February 2026, working approximately seventy-two (72) hours per week, six (6) days per week (9:00 A.M. to 9:00 P.M. on weekdays and 7:00 A.M. to 9:00 P.M. on Saturdays and Sundays), receiving a flat rate of $1,200.00 per week regardless of hours worked. From approximately April 2021 through 2023, Plaintiff GARCIA was paid entirely in cash. Beginning in approximately 2024, Defendants implemented a bifurcated payment system: Plaintiff received checks for the first forty (40) hours per week while all overtime hours continued to be paid in cash at straight time, without any overtime premium. Despite this change in payment method, Plaintiff's total weekly compensation remained $1,200.00, and Defendants never paid the legally required overtime rate. Plaintiff MIZHQUIRILEMA was employed from approximately September 2016 until February 2026, working approximately sixty-nine (69) hours per week, six (6) days per week (Tuesday through Sunday, 9:30 A.M. to 9:00 P.M.), receiving approximately $21.00 per hour during the last two years and approximately $20.00 per hour in 2020. Plaintiff MIZHQUIRILEMA was likewise paid entirely in cash through approximately 2023, after which Defendants began issuing checks for the first forty (40) hours per week and paying overtime hours in cash at straight time. During these periods, both Plaintiffs consistently worked well in excess of forty (40) hours per workweek without receiving any overtime premium.

4. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintained a policy and practice of requiring employees to work without providing the overtime compensation required by federal and state law.

5. Plaintiffs bring this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of NYLL § 195(1) and (3). This failure obstructed Plaintiffs' ability to calculate their owed wages accurately and caused them financial loss and distress.

6. Accordingly, Plaintiffs bring this Action on behalf of themselves and similarly situated individuals for federal and state claims relating to unpaid overtime wages and unpaid spread-of-hours wages, pursuant to the FLSA, 29 USC §§ 201 *et seq.*, NYLL § 650 *et seq.*, as recently amended by the WTPA, NYLL § 195(3), and related provisions in Title 12 of the NYCRR.

7. Plaintiffs seek compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Plaintiffs bring this action on behalf of themselves and all similarly situated employees pursuant to 29 U.S.C. 216(b), and reserve the right to seek conditional certification of a collective action under FLSA.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. §§ 216(b)-(c) and 217 (FLSA enforcement provisions), and 28 U.S.C. § 1337 (commerce regulation jurisdiction).

10. This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Southern District of New York, pursuant to 28 USC § 1391(b), because Defendants conduct business in this District, Plaintiffs reside in this District, and a substantial part of the events giving rise to the claims occurred herein.

## PARTIES

### Plaintiffs

13. Plaintiff SALATIEL R. GARCIA is and was at all times relevant hereto an individual residing in Nanuet, New York.

14. Plaintiff GARCIA was employed by PATSY'S PIZZERIA ROCKLAND LLC at 9103 Fashion Dr, Nanuet, NY 10954-2756, Rockland County, from approximately April 2021 until February 2026. His primary duty was as a chef/cook. Defendant ALEND FEJZA controlled his work schedule, working hours, and the method and timing of wage payments. From approximately April 2021 through 2023, Plaintiff was paid entirely in cash. Beginning in approximately 2024, Defendants implemented a bifurcated payment system: checks for the first forty (40) hours per week and cash at straight time for all overtime hours, without any overtime premium. Defendant had the authority to discipline GARCIA and exercised that authority during the course of his employment.

15. Plaintiff JOSE A. MIZHQUIRILEMA is and was at all times relevant hereto an individual residing in Nanuet, New York.

16. Plaintiff MIZHQUIRILEMA was employed by PATSY'S PIZZERIA ROCKLAND LLC at 9103 Fashion Dr, Nanuet, NY 10954-2756, Rockland County, from approximately September 2016 until February 2026. His primary duty was as a pizza chef. Defendant ALEND FEJZA controlled his work schedule, working hours, and the method and timing of wage payments. From approximately September 2016 through 2023, Plaintiff was paid entirely in cash. Beginning in approximately 2024, Defendants implemented the same bifurcated payment system: checks for the first forty (40) hours per week and cash at straight time for all overtime hours, without the legally required overtime premium. Defendant had the authority to discipline MIZHQUIRILEMA and exercised that authority during the course of his employment.

17. At all times relevant hereto, Plaintiffs GARCIA and MIZHQUIRILEMA were covered employees within the meaning of the FLSA and the NYLL.

18. Plaintiffs consent to being named parties herein, pursuant to 29 USC § 216(b), and bring these claims on behalf of themselves and all similarly situated individuals who may opt-in to this action.

**Defendants**

19. Defendant PATSY'S PIZZERIA ROCKLAND LLC is, upon information and belief, a duly organized New York Limited Liability Company with its principal place of business at 9103 Fashion Dr, Nanuet, NY 10954-2756, Rockland County.

20. Upon information and belief, Defendant PATSY'S PIZZERIA ROCKLAND LLC is engaged in interstate commerce, relying on products transported across state lines including food ingredients, cooking equipment, and packaging materials, and generates annual gross revenues substantially in excess of $500,000.00 per year.

21. Upon information and belief, Defendant ALEND FEJZA is the owner, manager, and principal of Defendant PATSY'S PIZZERIA ROCKLAND LLC.

22. Upon information and belief, Defendant ALEND FEJZA willfully possessed and exercised operational control over Defendant PATSY'S PIZZERIA ROCKLAND LLC by reason of his ownership interest, direct management authority, and control of significant corporate functions including hiring, firing, discipline, payroll, and scheduling. Defendant ALEND FEJZA: (i) was known and referred to as "Boss" by Plaintiffs and similarly situated employees; (ii) personally hired Plaintiffs and set their wages; (iii) regularly supervised and directed Plaintiffs' work activities; (iv) established Plaintiffs' work schedules and gave them daily instructions; (v) maintained and reviewed employee records; (vi) paid Plaintiffs weekly wages; (vii) disciplined Plaintiffs during the course of their employment; and (viii) ultimately terminated Plaintiffs' employment.

23. Defendant ALEND FEJZA is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and 29 C.F.R. § 791.2, as he exercised substantial control over the terms and conditions of Plaintiffs' employment.

## COMMON FACTUAL ALLEGATIONS

### Defendants Constitute Joint Employers

24. At all relevant times, Defendants PATSY'S PIZZERIA ROCKLAND LLC and ALEND FEJZA possessed operational control over the Defendant entity, possessed an ownership interest therein, and controlled its significant functions. Defendants jointly employed Plaintiffs and all similarly situated individuals within the meaning of 29 USC § 201 *et seq.* and the NYLL, and constitute a single employer as any business divisions between them are fictional.

25. As part of their regular business practice, Defendants intentionally and repeatedly harmed Plaintiffs and other employees by engaging in a pattern of violating the FLSA and NYLL, including:

   a. failing to pay the applicable overtime rate (one and one-half times the regular rate of pay) for all hours worked in excess of forty (40) hours per week as required by 29 U.S.C. § 207(a)(1) and NYLL § 160;

   b. failing to provide statutorily required wage and hour records or statements of pay, in part to hide Defendants' wage and hour violations; and

   c. implementing, beginning in approximately 2024, a bifurcated payment system that paid the first forty (40) hours per week by check while paying overtime hours in cash at straight time, thereby creating misleading partial documentation that obscured the true extent of wage violations.

26. Defendants' unlawful conduct has been intentional, willful, and in bad faith, pursuant to a corporate policy of minimizing labor costs, and has caused significant financial damage and other consequential damages to Plaintiffs, warranting liquidated damages under both FLSA § 216(b) and NYLL § 198(1-a).

27. Throughout Plaintiffs' employment periods (Plaintiff GARCIA from approximately April 2021 through February 2026, and Plaintiff MIZHQUIRILEMA from approximately September 2016 through February 2026), Defendants exercised direct and substantial control over all material aspects of Plaintiffs' employment terms and working conditions, including setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation.

### Plaintiff SALATIEL R. GARCIA

28. Plaintiff GARCIA worked from approximately April 2021 until February 2026 at Defendants' 9103 Fashion Dr, Nanuet, New York 10954 facility, primarily as a chef/cook.

29. Plaintiff GARCIA was willfully and continuously denied meal breaks or rest periods during his twelve (12)-hour weekday shifts and fourteen (14)-hour weekend shifts, in direct violation of New York Labor Law § 162(2) and 12 NYCRR § 146-1.6. Working six (6) days per week with Mondays off, Plaintiff worked approximately seventy-two (72) hours per week at a flat rate of $1,200.00 per week, yielding an effective hourly rate of approximately $16.67 per hour. From approximately April 2021 through 2023, Plaintiff was paid entirely in cash. Beginning in approximately 2024, Defendants began issuing checks for the first forty (40) hours per week while continuing to pay the remaining thirty-two (32) overtime hours in cash, always at straight time and without any overtime premium, in violation of 29 U.S.C. § 207(a)(1) and NYLL § 160.

30. Plaintiff GARCIA's employment was terminated on or about February 2026 when Defendant ALEND FEJZA became angry and fired Plaintiffs, stating he was paying them too much money.

31. Plaintiff GARCIA did not work at his own convenience but was required to report to work in accordance with rigid schedules devised and enforced by Defendants, with specific start times and predetermined shift durations.

32. Plaintiff GARCIA was a covered, non-exempt employee within the meaning of the FLSA and the NYLL, as his duties did not qualify for any exemption under 29 C.F.R. § 541 and consisted primarily of manual food preparation and service work.

33. Plaintiff GARCIA regularly handled goods that had traveled in interstate commerce, including food products, packaging materials, and commercial restaurant equipment, thereby establishing both individual and enterprise coverage under the FLSA.

34. Defendants failed to provide Plaintiff GARCIA with wage notices required by NYLL § 195(1) or accurate wage statements required by NYLL § 195(3), including notices of pay rates, pay days, and proper documentation of hours worked and compensation paid. These violations entitle Plaintiff to statutory damages under NYLL § 198(1-b) and § 198(1-d).

### Plaintiff JOSE A. MIZHQUIRILEMA

35. Plaintiff MIZHQUIRILEMA worked from approximately September 2016 until February 2026 at Defendants' 9103 Fashion Dr, Nanuet, New York 10954 facility, primarily as a pizza chef.

36. Plaintiff MIZHQUIRILEMA was willfully and continuously denied meal breaks or rest periods during his approximately eleven and one-half (11.5)-hour shifts (9:30 A.M. to 9:00 P.M.), in direct violation of New York Labor Law § 162(2) and 12 NYCRR § 146-1.6. Working six (6) days per week (Tuesday through Sunday), Plaintiff worked approximately sixty-nine (69) hours per week. Despite receiving approximately $21.00 per hour during the last two years (and approximately $20.00 per hour in 2020), Defendants failed to pay any overtime premium for the approximately twenty-nine (29) hours per week Plaintiff worked in excess of forty (40) hours. From approximately September 2016 through 2023, Plaintiff was paid entirely in cash. Beginning in approximately 2024, Defendants began issuing checks for the first forty (40) hours per week while continuing to pay the remaining twenty-nine (29) overtime hours in cash, always at straight time and without any overtime premium, in violation of 29 U.S.C. § 207(a)(1) and NYLL § 160. Additionally, Defendants still owe Plaintiff one week of unpaid wages.

37. Plaintiff MIZHQUIRILEMA's employment was terminated on or about February 2026 under the same circumstances as Plaintiff GARCIA.

38. Plaintiff MIZHQUIRILEMA did not work at his own convenience but was required to report to work in accordance with rigid schedules devised and enforced by Defendants, with specific start times and predetermined shift durations.

39. Plaintiff MIZHQUIRILEMA was a covered, non-exempt employee within the meaning of the FLSA and the NYLL, as his duties did not qualify for any exemption under 29 C.F.R. § 541 and consisted primarily of manual food preparation and service work.

40. Plaintiff MIZHQUIRILEMA regularly handled goods that had traveled in interstate commerce, including food products, packaging materials, and commercial restaurant equipment, thereby establishing both individual and enterprise coverage under the FLSA.

41. Defendants failed to provide Plaintiff MIZHQUIRILEMA with wage notices required by NYLL § 195(1) or accurate wage statements required by NYLL § 195(3). These violations entitle Plaintiff to statutory damages under NYLL § 198(1-b) and § 198(1-d).

### Defendants' General Employment Practices

42. As part of their regular business practices, Defendants willfully required Plaintiffs to work in excess of forty (40) hours per week without paying proper overtime wages as required by 29 U.S.C. § 207(a)(1) and NYLL § 650 *et seq.*, and willfully failed to post required wage and hour notices or provide Plaintiffs with required wage and hour records or statements, in part to hide their violations and take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

43. The NYLL and WTPA require employers to provide all employees with written notice of wage rates and accurate wage statements. Defendants' willful failure to provide such notices and

statements caused Plaintiffs injury in fact, as they were unable to accurately determine their owed wages or verify their compensation, in violation of N.Y. Lab. Law §§ 195(1) and 195(3).

## FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act)
### (FLSA Overtime Wage Provisions, 29 U.S.C. §§ 206, 207)

44. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

45. At all times relevant, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), with the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation.

46. At all times relevant, Defendants were engaged in commerce with an annual gross volume of sales of at least $500,000.00 per annum, constituting an enterprise within the meaning of 29 U.S.C. § 203(r)-(s), and establishing enterprise coverage under 29 U.S.C. § 203(s)(1)(A).

47. Defendants, in violation of the FLSA, systematically and willfully failed to pay Plaintiffs overtime compensation at one and one-half (1.5) times their regular rates of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

48. Defendants' failure to pay Plaintiffs the applicable overtime wage was willful within the meaning of 29 U.S.C. § 255(a).

49. Defendants acted willfully, as demonstrated by: (i) their systematic disregard of overtime requirements; (ii) their deliberate failure to maintain required payroll records; (iii) their conscious avoidance of proper timekeeping systems; (iv) their direct supervision of Plaintiffs' excessive work hours; (v) their payment of overtime hours at straight time; and (vi) their failure to maintain accurate records as required by 29 U.S.C. § 211(c).

50. Plaintiffs seek damages for unpaid overtime wages, liquidated damages, attorneys' fees and costs, and such other relief as this Court deems just and proper, plus prejudgment and post-judgment interest at the maximum rate permitted by law.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

51. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

52. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and § 650 *et seq.*, and specifically NYLL § 652 and 12 NYCRR § 142-2.2, failed to pay Plaintiffs overtime compensation at one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53. Defendants' failure to pay Plaintiffs overtime wages was willful within the meaning of N.Y. Lab. Law § 198(1-a), as evidenced by: (i) their systematic disregard of overtime obligations; (ii) their deliberate maintenance of inaccurate records; (iii) their failure to provide legally required wage statements and notices; and (iv) their refusal to comply with the law despite awareness of their obligations.

54. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages equal to 100% of unpaid wages as provided by NYLL § 198(1-a), statutory damages for notice violations, reasonable attorneys' fees, costs, and pre-judgment interest at 9% per annum from the date each payment was due, and post-judgment interest as provided by law.

### THIRD CAUSE OF ACTION
**(NYLL – Failure to Provide Notice at Time of Hiring and Throughout Employment)**

55. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

56. Defendants failed to provide Plaintiffs, at the time of hiring or at any point thereafter, a notice containing: (i) the rate of pay and basis thereof; (ii) allowances taken as part of the minimum wage; (iii) the regular payday; (iv) the name, physical address, mailing address, and telephone number of the employer; and (v) any other information required by the Commissioner of Labor, in violation of NYLL § 195(1).

57. Due to Defendants' violations of NYLL § 195(1), Plaintiffs are entitled to statutory damages of $250.00 per workday that the violation occurred, up to $5,000.00, pursuant to NYLL § 198(1-b).

### FOURTH CAUSE OF ACTION
**(NYLL – Failure to Provide Accurate Wage Statements)**

58. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

59. Defendant ALEND FEJZA, acting individually and jointly as an employer with direct personal liability under NYLL § 190(3) and 29 U.S.C. § 203(d), willfully failed to provide Plaintiffs with complete and accurate wage statements throughout their employment, as required by NYLL § 195(3). The required statements should have included, among other things, all regular and overtime hours of work, rate of pay and basis thereof, gross and net wages, and all deductions. Defendants' wage statements—to the extent any were provided—failed to accurately reflect the total hours worked (including cash-paid overtime hours), the overtime premium owed, or the true nature of the dual payment structure implemented beginning in approximately 2024. This failure

caused Plaintiffs substantial injury, including the inability to identify the systematic underpayment of overtime wages or effectively assert their rights.

60. Due to Defendants' knowing and willful violations of the NYLL, Plaintiffs are entitled to statutory damages of $250.00 per workday that the violation occurred or continued, up to $5,000.00 per Plaintiff, plus reasonable attorneys' fees, costs, and prejudgment interest at 9% per annum, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs SALATIEL R. GARCIA and JOSE A. MIZHQUIRILEMA respectfully request that this Court enter judgment against Defendants PATSY'S PIZZERIA ROCKLAND LLC and ALEND FEJZA, jointly and severally, as follows:

a. Designation of this action as a collective action on behalf of FLSA Class Members and as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for NYLL claims, with Plaintiffs serving as class representatives and prompt issuance of Court-authorized notice pursuant to 29 U.S.C. § 216(b);

b. Declaring that Defendants' violations of the FLSA were willful as to Plaintiffs;

c. Awarding Plaintiffs liquidated damages equal to 100% of unpaid overtime wages as provided by 29 U.S.C. § 216(b);

d. Awarding Plaintiffs damages for unpaid overtime wages under the FLSA and NYLL, including the overtime premium for all hours worked in excess of 40 per week that were compensated at straight time;

e. Awarding Plaintiffs liquidated damages equal to 100% of unpaid overtime wages pursuant to NYLL § 663, unless Defendants prove good faith by clear and convincing evidence;

f. Awarding statutory damages of $250.00 per workday, up to $5,000.00, for Defendants' violations of NYLL § 195(1), pursuant to NYLL § 198(1-b);

g. Awarding statutory damages of $250.00 per workday, up to $5,000.00 per Plaintiff, for Defendants' violations of NYLL § 195(3), pursuant to NYLL § 198(1-d);

h. Awarding pre-judgment interest at 9% per annum pursuant to CPLR §§ 5001-5004, calculated from the earliest ascertainable date each cause of action arose;

i. Awarding post-judgment interest at the maximum rate permitted by law pursuant to 28 U.S.C. § 1961 and CPLR § 5003;

      j. Awarding Plaintiffs costs and attorneys' fees; and

      k. All such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 24, 2026

                                                      Respectfully submitted,

                                                      LINA STILLMAN, ESQ.

                                                       *Lina Stillman*
                                                       Lina Stillman, Esq.
                                                   Attorneys for Plaintiffs
                                                     Stillman Legal, P.C.
                                                 42 Broadway, 12th Floor
                                               New York, New York 10004
                                                      Tel (212) 832-1000
                                                   www.StillmanLegalPC.com